UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA


| GREGORY K. ADAMSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | 2:05-cv-02286 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| MICHAEL HAYES, *et al.*, | ) | [Re: Motion at Docket 176] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 176, defendants Joe Arpaio ("Arpaio") and Maricopa County ("the County"; collectively "defendants"), move pursuant to Federal Rule 56 for summary judgment in their favor. Plaintiff Gregory K. Adamson ("Adamson") opposes the motion at docket 191. Defendants' reply is at docket 194. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Adamson was arrested by the Tempe Police Department and taken to the Maricopa County Jail on July 31, 2003. He was released on August 9, 2003. Adamson was arrested and jailed a second time on July 13, 2004. He was released on bond twenty-five days later. While he was incarcerated, Adamson was only able to meet with

his attorney at the courthouse. At his deposition, Adamson was unsure why his lawyer did not come to the jail, he "just figured Arpaio would not let him in."[1] Adamson was examined by Correctional Health Services, but jail authorities refused to take him to see his chiropractor.[2] Adamson's requests for filtered water, colloidal silver, and various vitamin supplements were also refused. Adamson claims that because his requests for silver water were denied, he developed a near-fatal infection.[3]

Adamson filed a complaint in federal court on August 2, 2005. On August 30, 2005, he filed an amended complaint asserting claims against the County, Arpaio, and many other defendants. The complaint asserted claims for assault and unlawful detention–based on the incident that led to the first period of incarceration–as well as claims for violations of the Fourth, Fifth , Eighth, and Fourteenth Amendments, which the court construes as claims under 42 U.S.C. § 1983.[4] Against the County and Arpaio, Adamson alleged a "violation of rights - neglect of due process . . . violating [the] Fifth Amendment, [and] damaging plaintiff"[5] which the court also construes as a claim under § 1983.

---

[1] Doc. 177-2 at 6.

[2] *Id.*

[3] *Id.* at 7.

[4] The complaint is labeled "Civil Rights Complaint for Damages" and Adamson cites § 1983 in the introductory section.

[5] Doc. 4 at 10.

### III. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."[6] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[7] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8] In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[9] The reviewing court may not weigh evidence or assess the credibility of witnesses.[10] The burden of persuasion is on the moving party.[11]

### IV. DISCUSSION

**A. Defendant Maricopa County**

The County argues that, by statute, county sheriffs are responsible for operation of county jails. The County argues that consequently it cannot be held liable for actions of the sheriff on a theory of respondeat superior and therefore summary judgment in its favor is appropriate. Adamson offers no response to this argument.

---

[6] Fed. R. Civ. P. 56(c)(2).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8] *Id.*

[9] *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[10] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In *Fridena v. Maricopa County*, the Arizona Court of Appeals held that where a county has no right of control over the sheriff, it cannot be held liable under the doctrine of respondeat superior.[12] The *Fridena* court made clear that counties have no right of control over sheriffs with respect to duties imposed by law.[13] In Arizona, operation of county jails is the statutory duty of county sheriffs.[14] The County, therefore, is not vicariously liable for Arpaio's operation of the Maricopa County Jail.

The County admits that Correctional Health Services–an agency within its control–is responsible for medical care in the Maricopa County Jail. Adamson has asserted claims based on a denial of purported medical needs. However, "there is no respondeat superior liability under § 1983."[15] Therefore, summary judgment in the County's favor is appropriate.

**B. Defendant Arpaio**

Adamson argues that Arpaio is liable for circumstances of Adamson's pretrial detainment that violated his right to due process.[16] Adamson alleges specifically that Arpaio should be held liable for the purported denial of access to a lawyer, legal assistant, and law library, for denial of appropriate medical care, for denial of use of a telephone, for assault allegedly committed by other detainees, and for wrongful solitary confinement.

---

[12] 504 P.2d 58, 61 (Ariz. Ct. App. 1972).

[13] *Id.*

[14] A.R.S. § 31-101.

[15] *Ewing v. City of Stockton*, 588 F.3d 1218 (9th Cir. 2009).

[16] Doc. 4 at 6, 10.

Arpaio responds that he is not liable to Adamson because he "had no direct contact or nexus with Adamson's complaints"[17] and because Arpaio's policies at the Maricopa County Jail were constitutionally adequate.[18]  Each of the bases of Adamson's claims will be examined in turn.

**1. Access to Legal Assistance and Resources**

Arpaio responds that "[t]here were sufficient policies and procedures in place to satisfy the constitutional requirements for . . . contact . . . with . . . attorneys" and that "there was no nexus between . . . Arpaio" and Adamson's inability to meet with counsel.[19]  Arpaio's response is conclusory, and he has not described the policies that he deems sufficient.  Nonetheless, "[i]n order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation."[20]  Adamson has not presented any evidence that Arpaio obstructed his access to counsel.  Nor has Adamson presented any evidence that Arpaio's policies denied him access to his public defender.  Due process does not require that a pretrial detainee have access to a legal assistant and law library.  Consequently, there is no dispute as to any material fact concerning denial of access to counsel, and judgment for Arpaio is appropriate as a matter of law.

---

[17]Doc. 176 at 3.

[18]*See, e.g.*, *id.* at 6.

[19]*Id.*

[20]*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

**2. Denial of Medical Care**

Defendants argue that Adamson must demonstrate "deliberate indifference to [a] serious medical need[]."[21] That is the standard for an alleged Eighth Amendment violation, asserted pursuant to § 1983.[22] Although Adamson's complaint indicates that he is primarily pursuing a claim for violation of his due process rights against Arpaio,[23] the complaint also refers in places to the Eighth Amendment.[24] To the extent Adamson is pursuing an Eighth Amendment claim based on denial of medical care, he has not presented any evidence that Arpaio exercised deliberate indifference to a serious medical need. Adamson has similarly not demonstrated that any of Arpaio's policies exhibited deliberate indifference to a serious medical need.

Adamson has not explained how the allegations in his complaint relating to medical treatment constitute a violation of due process. More importantly, Adamson's complaint does not allege any personal participation by Arpaio, and Adamson has not presented any evidence to that effect. For that reason, summary judgment in Arpaio's favor is appropriate with respect to Adamson's claims based on a denial of medical care.

---

[21] Doc. 176 at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

[22] *Estelle*, 429 U.S. at 104.

[23] Doc. 4 at 10.

[24] *Id.* at 5, 6.

### 3. Inmate Assault Claim

Arpaio argues that no assault occurred. The court agrees. Common law assault requires that the victim reasonably apprehend imminent injury.[25] Adamson has not alleged or presented evidence that he ever reasonably apprehended imminent injury. The alleged assault consisted of Adamson diffusing an attempted battery on another inmate.[26] There is no dispute as to any issue of material fact with respect to Adamson's assault claim and, therefore, judgment in favor of Arpaio is appropriate.

### 4. Retaliation Claim

Adamson's response in opposition to defendants' motion alleges that defendants did not bear their burden with respect to Adamson's retaliation claims. The court is unable to discern a claim for retaliation. Moreover, although the facts alleged might suggest that Adamson was placed in solitary confinement because he threatened to call the Federal Bureau of Investigation, a claim for retaliation requires that the official act in response to exercise of a constitutional right.[27] There is no mention of the First Amendment in Adamson's complaint nor is there evidence that he was placed in solitary confinement because he exercised some other constitutional right.

---

[25] *See, e.g.*, *State v. Sanders*, 68 P.3d 434, 442 (Ariz. Ct. App. 2003).

[26] Doc. 177-2 at 8. Adamson does allege that the head of a jailhouse gang told him that if he ever intervened again, he would get hurt. *Id.* However, to the extent Adamson was threatened, it was not a threat of imminent injury.

[27] *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994).

## V.  CONCLUSION

For the reasons above, defendants' motion at docket 176 for summary judgment pursuant to Rule 56 is **GRANTED**.  Plaintiff's claims against defendants Maricopa County and Joseph M. Arpaio are **DISMISSED with prejudice**.

DATED this 12th day of July 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE